UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RE/MAX INTERNATIONAL, INC.,

    Plaintiff,

vs.                                                  Case No. 8:08-cv-2554-T-27TBM

CITIMAXX CORPORATION, a Florida
corporation, and ROBERT FERNANDEZ,
an individual,

    Defendants,
_____/

## ORDER

**BEFORE THE COURT** is Defendant Robert Fernandez' Motion to Dismiss (Dkt. 17), to which Plaintiff has responded in opposition (Dkt. 22), and to which Defendant has filed a reply with leave of Court (Dkt. 26). Upon consideration, Defendant's motion is DENIED.

### *Background*

Defendant Robert Fernandez ("Fernandez") was an independent contractor real estate associate affiliated with a franchise of Plaintiff Re/Max International, Inc ("Re/Max"). (Dkt. 1, ¶ 16). Fernandez' affiliation with Re/Max was terminated on or about January 12, 2005. (Dkt. 1, ¶ 17). Pursuant to the Independent Contractor Agreement ("ICA") between Fernandez and the franchise, Fernandez was prohibited from engaging in certain post-termination conduct, including the use of color arrangements and symbols similar to Re/Max' registered trademarks, or derivations of the Re/Max name. (Dkt. 1, ¶ 18). Plaintiff Re/Max is a third-party beneficiary of the ICA with the right to enforce it. (Dkt. 1, Exh. B, ¶ 2.D.)

1

In its Complaint, Re/Max alleges that Fernandez founded Defendant CitiMax Corporation ("CitiMaxx") to compete with Re/Max and has used confusingly similar color arrangements in CitiMaxx signs. (Dkt. 1, ¶¶ 21-23). Plaintiff's claims for trademark infringement and unfair competition under federal law (Counts I and II), trademark infringement under Fla. Stat. § 495.131 (Count III), and trademark infringement and unfair competition under Florida common law (Counts IV and V) were referred to arbitration pursuant to the ICA's arbitration provision. (Dkt. 16).

In the instant motion, Fernandez moves to dismiss the only remaining claim, breach of the ICA (Count VI). Fernandez argues that the ICA's prohibition on post-employment activities is a unreasonable restrictive covenant and therefore unenforceable as a matter of law. Defendant's motion is denied.

### *Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* at 1950. A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Discussion*

Section 542.335 of the Florida Statutes expressly authorizes enforcement of restrictive covenants that are "reasonable in time, area, and line of business." Fla. Stat. § 542.335(1). A party seeking enforcement of a restrictive covenant must plead that the restrictions are "reasonably necessary" to protect one or more "legitimate business interests," such as trade secrets, confidential business information, and customer goodwill. Fla. Stat. § 542.335(1)(b)-(c). Based on the type of restrictive covenant at issue, § 542.335 specifies durations that are presumptively unreasonable and presumptively reasonable. Fla. Stat. § 542.335(1)(d)-(e).

As an initial matter, Re/Max argues that Paragraph 11 of the ICA, entitled "Business Restrictions," is not a restrictive covenant and therefore not subject to limitations in § 542.335. Paragraph 11 prohibits Fernandez from using "any information gained from the files or business" of Re/Max to his own advantage or the advantage of any other entity, divulging "confidential matters, trade secrets, techniques, accounting procedures, and other methods developed by, through and in the RE/MAX system" without prior written consent, and from using the RE/MAX marks or any design "confusingly similar" to Re/Max' marks.

While Paragraph 11 does not place temporal or geographic restrictions on Fernandez' real estate sales activities, it does contain prohibitions on the use and disclosure of confidential information and Re/Max' marks. In Florida, confidentiality agreements are considered restrictive covenants and are therefore subject to the limitations in § 542.335. *See, e.g.*, *Shields v. Paving Stone Co., Inc.*, 796 So. 2d 1267, 1267 (Fla. 4th DCA 2001); *Cont'l Group, Inc. v. KW Prop. Mgm't, LLC*, Case No. 09-60202, 2009 WL 1098461, at *14 (S.D. Fla. Apr. 22, 2009). Similarly, the restriction on Fernandez' ability to use the colors red, white, and blue and derivations of the term Re/Max is

3

arguably a contractual restraint on trade. *See Envt'l Servs., Inc. v. Carter*, Case No. 5D08-3224, --- So. 3d ---, 2009 WL 1097261, 2 (Fla. 5th DCA Apr. 24, 2009) (noting that § 542.335 applies to "all contractual restrictions upon competition, such as noncompetition/nonsolicitation agreements, confidentiality agreements, exclusive dealing agreements, and all other contractual restraints of trade.")

As a result, Re/Max must plead that the restrictions it seeks to enforce -- here, the restrictions pertaining to its service marks -- are reasonably necessary to protect its legitimate interest. Fla. Stat. § 542.335(1)(c). Re/Max has adequately alleged facts indicating that the restriction is reasonably necessary to protect client goodwill associated with its marks. Fla. Stat. § 542.335(1)(b)4.a. (Dkt. 1, ¶¶ 9, 12, 14). Specifically, Re/Max alleges that it has invested "billions of dollars" to promote and maintain the marks, and that as a result, its marks have become "widely and favorably known" and associated with "high quality real estate brokerage services." (*Id.*)

Nonetheless, Fernandez argues that the restriction is presumptively unreasonable. Specifically, § 542.335(1)(d)1 provides that a restrictive covenant sought to be enforced against a former independent contractor, and not associated with the sale of an interest in a business or predicated upon protection of trade secrets, is presumptively unreasonable if more than two years in duration. Fla. Stat. § 542.335(1)(d)1. Paragraph 11 contains no time restriction and is therefore presumptively unreasonable and unenforceable beyond two years. *Cf. Flickenger v. R.J. Fitzgerald & Co., Inc.*, 732 So. 2d 33, 34-35 (Fla. 2d DCA 1999); *Balasco v. Gulf Auto Holding, Inc.*, 707 So. 2d 858, 860 (Fla. 2d DCA 1998). As the two years has already expired, Plaintiff's proper remedy, if any, is pursuant to its Lanham Act claims.

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1) Defendant Robert Fernandez' Motion to Dismiss (Dkt. 17) is **GRANTED** and Count VI of the Complaint is **DISMISSED**.

2) Pending a final decision regarding the claims referred to arbitration, this case is **STAYED** and **ADMINISTRATIVELY CLOSED**. Within ten (10) days of any final decision, the parties shall file a joint status report.

**DONE AND ORDERED** in chambers this 29th day of June, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record